Filed 2/19/24  P. v. Guzman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C101584 |
| Plaintiff and Respondent, | (Super. Ct. No. 1980CR0000061) |
| v. | |
| STEPHEN GUZMAN, | |
| Defendant and Appellant. | |

In 1980, defendant Stephen Guzman was convicted of first degree murder and conspiracy to commit murder.  He appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1172.6.  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and asked that we exercise our discretion to review the record for arguable issues on appeal.

This court notified defendant he had 30 days to file supplemental briefing raising any argument he wanted us to consider.  Defendant filed a supplemental brief raising

---

[1] Undesignated statutory references are to the Penal Code.

1

several contentions.[2]  We have independently reviewed these contentions consistent with *Delgadillo* and conclude none of them have merit.  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As a preliminary matter, we note that, with respect to defendant's underlying convictions, the record on appeal contains only the complaint and information, the jury verdict forms, the instructions given on the special-circumstance allegations, the abstract of judgment, and the reporter's transcript from the original sentencing hearing.

In 1980, defendant and five codefendants were charged with first degree murder (§ 187) with four special circumstances (victim intentionally killed in retaliation for testimony, murder was especially heinous, defendants killed victim while lying in wait, murder involved infliction of torture) and conspiracy to commit murder (§§ 182, 187).

The jury found defendant guilty of first degree murder and found true each of the four special circumstances.  The jury also found defendant guilty of conspiracy to commit murder.  During the trial, the jury was instructed regarding the special circumstances as follows:  (1) for the torture special circumstance, that the murder "was intentional," (2) for the killing a witness special circumstance, that the victim "was intentionally killed," and (3) for the lying-in-wait special circumstance, that "the defendant intentionally killed the victim."

The jury subsequently set the penalty as life without the possibility of parole, rejecting the death penalty.  The trial court sentenced defendant to life without the possibility of parole on the murder count plus 25 years to life stayed on the conspiracy count.

---

[2] Defendant attached certain documents to his supplemental brief, some of which were not already in the appellate record.  Defendant was notified by this court that, pursuant to California Rules of Court, rule 8.204(d), any attached documents that were not already in the appellate record would be disregarded, and we do so here.

In December 2022, defendant filed a resentencing petition pursuant to section 1172.6. The trial court appointed counsel, issued an order to show cause, and set an evidentiary hearing.

During the July 2024 evidentiary hearing, the trial court noted it had reviewed the information, the abstract of judgment, the reporter's transcript of the original sentencing hearing, the jury verdict forms, and the jury instructions for the alleged special circumstances. Defendant did not submit any additional evidence.

The trial court denied defendant's petition, finding the record made clear that the jury had convicted defendant on a theory of murder that required that defendant had the specific intent to kill. In finding defendant guilty of conspiracy to commit murder, the jury would have necessarily found that defendant formed an agreement with at least one other person and had the specific intent to commit murder (the target offense). In addition, three of the special circumstances (torture, killing a witness, and lying in wait) required the jury to find that defendant harbored the intent to kill. Based on these findings, the trial court concluded there was "nothing in this record that could suggest that any juror could have imputed malice to the defendant by some other means other than his own specific intent to commit the murder."

Defendant timely appealed.

## DISCUSSION

We evaluate the specific arguments presented but need not independently review the record. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

1. Legal Background

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1,

3

subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life" (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3).

Where, as here, the trial court issues an order to show cause and holds an evidentiary hearing, the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioner is guilty of murder under California law after Senate Bill 1437's amendments to section 188 and 189. (§ 1172.6, subd. (d)(3).) The parties may offer evidence from a prior trial or new or additional evidence at the hearing. (*Ibid.*) We review the denial of a section 1172.6 petition following an evidentiary hearing for substantial evidence. (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 122, 125.)

2.     Analysis

In his supplemental brief, defendant argues his trial counsel failed to present any kind of defense during his section 1172.6 petition hearing. According to defendant, his trial counsel should have argued: (1) he was 21 years old at the time of the crime, (2) he was not the actual killer, (3) he was not a major participant in the crime, and (4) he did not show reckless indifference to human life. To the extent defendant is arguing his trial counsel provided ineffective assistance, he cannot meet his burden of proving both deficient performance and prejudice because the jury necessarily found him guilty of express malice murder. (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1176 [where the jury did not find the defendant guilty of murder on a theory of imputed malice, counsel was not ineffective for failing to raise that ground in the trial court].) As the trial court noted, the jury found defendant guilty of conspiracy to commit murder, which our Supreme Court has explained, "requires a finding of unlawful intent to kill, i.e., express

4

malice." (*People v. Cortez* (1998) 18 Cal.4th 1223, 1228-1229.) As such, the jury necessarily found defendant guilty under a still-valid theory of murder, and defense counsel did not provide ineffective assistance in declining to make arguments to the contrary. (See *People v. Price* (1991) 1 Cal.4th 324, 387 ["[c]ounsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile"].)

Defendant also contends the trial court erred in "us[ing] only the trial transcripts from 1979" to deny his petition. This argument is meritless given that the trial court made clear it had reviewed the information, abstract of judgment, reporter's transcript from the original 1980 sentencing hearing, jury verdict forms, and jury instructions for the alleged special circumstances. Defendant points to no authority suggesting these portions of the trial record are improper pieces of evidence during a section 1172.6 evidentiary hearing.

Finally, defendant alleges multiple errors regarding his trial and conviction: (1) the jury should have been instructed with CALCRIM No. 703 ("Special Circumstances: Intent Requirement for Accomplice After June 5, 1990 – Felony Murder"), (2) there was reasonable doubt as to his guilt, and (3) the evidence was insufficient to convict him.

Defendant did not raise any of these arguments in the trial court, and "a defendant's failure to raise the issue before the trial court will generally result in the appellate court's refusal to consider it." (*People v. Navarro* (2013) 212 Cal.App.4th 1336, 1347, fn. 9.) Regardless, a jury has already considered the evidence and found defendant guilty beyond a reasonable doubt of first degree murder and conspiracy to commit murder. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [" '[t]he purpose of [section 1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved' "].) And, as previously discussed, the jury necessarily

found defendant guilty of express malice murder, making defendant ineligible for relief as a matter of law and therefore unable to establish eligibility for resentencing under section 1172.6 based on alleged jury instruction error. (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 "does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error"].)

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
KRAUSE, Acting P. J.

/s/
BOULWARE EURIE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.